UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

REBECCA S. MOORE

    Plaintiff,

V.                                      CIVIL ACTION NO.

OCWEN LOAN SERVICING, LLC

    Defendant.                  FEBRUARY 13, 2014

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692.

2. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337.

3. Plaintiff, Rebecca. S. Moore is a consumer under FDCPA 15 U.S.C. § 1692(3), in that defendant sought to collect from her a debt used to purchase her personal residence.

4. Ms. Moore is a natural person who resides in Annapolis, Maryland, County of Anne Arundel, Maryland.

5. Ocwen Loan Servicing, LLC ("Ocwen") is a foreign corporation company authorized to do business in the State of Maryland.

6. Ocwen services consumer mortgage loans and is engaged in the business of collection on promissory notes and other debts in default for creditors.

7. Ocwen is a debt collector as defined in 15 U.S.C. § 1692a(6) because it uses the mail system in business, the principal purpose of which is the collection of debts.

8. Ocwen attempted to collect consumer debts from Ms. Moore.

9. On or about February 16, 2013 Ms. Moore received a letter from Ocwen purporting to advises her of her rights under 15 U.S.C. § 1692g hereinafter ("Debt Validation Letter"). See Exhibit 1, attached.

10. Ocwen failed to identify the correct name of the creditor to whom Ms. Moore's debt was owed in its initial communication or the Debt Validation Letter sent to her.

11. The Debt Validation Letter stated that "Federal Law requires that we provide you the following information."

12. The Debt Validation Letter notified Ms. Moore that "federal law provides that you have thirty **(30) days from the date of this letter** to dispute the validity of his debt or any portion thereof." (emphasis added).

13. The Debt Validation Letter advise Ms. Moore that "if she did not wish to dispute this debt . . . within the thirty-day period, we will assume the debt invalid."

14. The debt Validation Letter further advised plaintiff that if she wished to dispute this debt, please notify us **in writing** . . . within the 30 day . . . ." (emphasis added).

15. Finally, the Debt Validation Letter stated that name and address of the original creditor would be provided if requested "within the same thirty (30) day period."

16. Ocwen violated 15 U.S.C. § 1692g (a) by failing to timely provide Ms. Moore with written notice containing the following information:

    a. the amount of the debt;

    b. the name of the creditor to whom the debt is owed;

17. Ocwen misrepresented Ms. Moore's right under the FDCPA by shortening the time to dispute or validate the date by changing the statutory language id 15 U.S.C. § 1692g(a)(3) from "after receipt" to "from the date of this letter," thereby reducing the time to dispute the debt.

18. Ocwen misrepresented Plaintiff's rights under the FDCPA by requiring that Ms. Moore dispute her debt in writing when FDCPA allows the dispute to be made orally or in writing.

19. Ocwen violated 15 U.S.C. § 1692e because it is false, deceptive and/or misleading to misrepresent her legal rights under the FDCPA.

20.. Ocwen violate 15 U.S.C.§ 1692e because it is false, deceptive and/or misleading to required Ms. Moore to dispute her debt within 30 days from the date of the Letter (Exhibit 1) and/or to require such dispute to be in writing.

21. Ms. Moore has suffered monetary damages as a result of Ocwen's actions.

WHEREFORE, plaintiff request that the Court to:

1. Award plaintiff statutory damages pursuant to the FDCPA.
2. Award plaintiff cost and reasonable attorney fees.
3. Award plaintiff such other and further relied as the Court sees fit.

THE PLAINTIFF

BY /S/ Bernard T. Kennedy
Bernard T. Kennedy
The Kennedy Law Firm
163 Mitchells Chance Road #244
Edgewater, MD 21037
PH (443) 6070-8901
Fax (443) 440-6372
Fed. Bar #MD 26843
bernardtkennedy@yahoo.com

**EXHIBIT 1**

01/29/2014  22:14   410-573-5656                FEDEX OFFICE     1832              PAGE  03

Ocwen Loan Servicing, LLC
3451 Hammond Ave
PO Box 780
Waterloo, IA 50704-0780

O C W E N

2/16/2013



REBECCA S. MOORE
1013 KENSINGTON WAY
ANNAPOLIS MD  21403-3516

RE:  Account Number:    0306603030
     Property Address:  1013 KENSINGTON WAY
                        ANNAPOLIS MD 21403

Dear REBECCA S. MOORE:

We recently provided a letter advising that the servicing of your account has been transferred to Ocwen Loan Servicing, LLC. As a result of this transfer, Federal law requires that we provide you with the following information.

Ocwen Loan Servicing, LLC is servicing your account on behalf of WELLS FARGO BANK, N.A., which currently owns the interest in your account. As of the date of this letter, the total amount of the debt is $126,777.38. Interest, late charges, legal costs, fees and other charges may also be included in the total amount of the debt. Please note that because interest, late charges, and other charges may continue to accrue on this account, the total amount owed may be greater than the amount indicated above.

Federal law provides that you have thirty (30) days from the date of this letter to dispute the validity of this debt or any portion thereof. If you DO NOT wish to dispute this debt or any portion thereof within the thirty-day period, we will assume the debt is valid. If you wish to dispute this debt, please notify us in writing within the thirty-day period and we will provide verification of the debt or a copy of the judgment by mail. We will also provide the name and address of the original creditor if a written request is received within the same thirty-day period.

(Continue to next page)

